## No. 305

No. 18329—The State ex rel The Retirement Board of the State Teachers' Retirement System v. A. A. Kurtz et al, as the County Board of Education of Stark County. In Mandamus.

1065. SCHOOLS—Mandamus will lie to compel contributions by county board of education from county education fund to be certified to the State Teachers' Retirement System for Employers' Accumulation Fund.

ALLEN, J.

1. Sections 7896-44, 7896-41, 7896-46 and 7896-47 of the General Code are valid and constitutional enactments not repugnant to Article X, Section 1, nor Article XII, Section 5, of the Constitution of the State of Ohio.

2. Under Sections 7896-44, 7896-4 and 4744-3, General Code, mandamus will lie to compel a county board of education to certify to the county auditor for payment from the county board of education fund, the sum certified by the county board of education to the state teachers' retirement system as normal contributions and deficiency contributions due from the said county board of education to the Tmployers' Accumulation Fund.

Writ allowed.

Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur. Wanamaker, J., not participating.

## No. 306

No. 18170—The Board of County Commissioners of Crawford County et al v. John E Gibson et al. Error to the Court of Appeals of Crawford County.

85. APPEALS—Appeal lies from final order of county commissioners vacating a county road or any part thereof, and any interested freeholder residing nearby may appeal.

ALLEN, J.

1. Under Section 6891, General Code, an appeal iles from the final order of the county commissioners of vacating a county road or any part thereof.

2. Any freeholder of the county residing in the vicinity of the improvement is a party interested in the granting or refusing of such improvement and may appeal therefrom.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur. Wanamaker, J., not participating

## No. 307
### ALTAMONT ORCHARD CO. v. MILLER, Admrx.

Ohio Appeals, 2d Dist., Franklin County
No. 1173. Decided March 27, 1924

465. ERROR—Court will not set aside verdict because of difference of opinion between court and jury—Verdict held to be sustained by sufficient evidence.

ALLREAD, J.              Epitomized Opinion

Published Only in Ohio Law Abstract

Miller brought suit against the Altamont Orchard Co. for damages for breach of an employment contract. Miller having died the action was revived in the name of the administratrix. The employment contract was in writing and involved the management and operation of an orchard farm, ending March 31, 1916, Miller's compensation to be $60.00 per month. Miller was discharged about six months after he started to work. In his petition he claimed that he had been wrongfully discharged and that he was entitled to $665.94 for wages earned and for loss after the discharge.

The answer admitted the contract and discharge but alleged that the contract was induced by certain fraudulent misrepresentations and that the discharge was based upon improper management. There was also a counterclaim for damages based upon this alleged unskilful and unfaithful management. The evidence was sharply in conflict as to the reasons for discharge and also as to whether or not the farm had been improperly managed. The jury returned a verdict for plaintiff in the amount without interest. No allowance was made on the counterclaim. The defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The verdict of a jury should not be set aside by the court to which it is returned on account of any mere difference of opinion between the judge and the jury as to the weight of the testimony, but only where the verdict is unsupported by or is against the decided weight of the evidence.

2. As it cannot be said as a matter of law that the verdict was manifestly against the weight of the evidence, or was not supported by sufficient evidence, a reviewing court cannot set aside the verdict and judgment.

Attorneys—Huggins & Liggett, for Orchard Co.; Eugene Carlin and Charles Nixon, for Miller, all of Columbus.